Case 1:24-cr-00242-RP   Document 1   Filed 08/29/24   Page 1 of 9

**FILED**
August 29, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MCK_____
DEPUTY

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Blane Spear<br>*Defendant(s)* | )<br>)<br>) Case No. **1:24-MJ-549-ML**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of August 26, 2024 in the county of Travis in the Western District of Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Felon in possession of firearms |
| 18 U.S.C. § 924 (c) | Possession of firearm in furtherance of drug trafficking |
| 21 U.S.C. § 841 (a)(1) | Possession with intent to distribute 50 grams or more of methamphetamine |

This criminal complaint is based on these facts:

Please see attached affidavit.

☒ Continued on the attached sheet.

*Complainant's signature*

FBI TFO Christopher Renzi
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: 08/29/2024

*Judge's signature*

City and state: Austin, Texas            Mark Lane, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. **1:24-MJ-549-ML** |
| § | |
| BLANE SPEAR § | |
| Defendant § | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Renzi, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Detective with the Austin Police Department, assigned to the Federal Bureau of Investigation San Antonio Division - Austin Safe Streets Task Force, which is comprised of agents from the FBI, detectives from the APD and Special Agents from the Texas Department of Public Safety. As part of my assignment to the Task Force, I am a sworn Special Federal Officer/Special Deputy U.S. Marshal.

2. I have been a sworn Peace Officer in the state of Texas since 2016 and assigned to the Task Force since June of 2022. Based on my training and experience as a detective and member of the Task Force, I am familiar with federal firearms violations, the Hobbs Act, and federal narcotics violations. As a detective and member of the Task Force, I have been involved in numerous violent crimes investigations, as well as drug and gang investigations.

3. This affidavit is submitted in support of an application for the issuance of a Criminal Complaint against BLANE SPEAR for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922 (g)(1), possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924 (c), and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

4. As set forth herein, probable cause exists to believe that SPEAR, knowing that he was previously convicted in court of a crime punishable by a term of imprisonment by more than one year, knowingly possessed firearms on August 26, 2024, and that the firearms had been shipped and transported in interstate commerce. Additionally, there is probable cause to believe that SPEAR knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Finally, there is probable cause to believe that SPEAR possessed a firearm in furtherance of his drug trafficking activities. All the above offenses occurred within the Western District of Texas.

5. I have participated in this investigation and am familiar with the facts and circumstances through my participation and discussions with other law enforcement personnel and review of their reports. Because this affidavit is submitted for the limited purpose of supporting the issuance of the requested Criminal Complaint and an accompanying arrest warrant, I have not included every detail of this investigation in this Affidavit.

## FACTUAL SUMMARY

6. Since June of 2024, APD has been investigating SPEAR for trafficking narcotics in the City of Austin. Task Force Officer Jaeger of the Task Force was contacted by a credible and reliable Confidential Human Source (CHS), referred to hereafter as CHS 1, that a subject named "Blane" was selling large amounts of methamphetamines in Austin, Travis County, Texas.[1]

---

1. CHS 1 has proven to be reliable and credible in providing accurate information in multiple cases for over 10 years; this information has resulted in large seizures of illicit narcotics and firearms. The information provided over this timeframe by CHS 1 has resulted in multiple federal and state arrests. CHS 1 is a paid informant, and is knows SPEAR is a major narcotics dealer in South Austin through word of mouth. CHS 1 has a criminal history including multiple convictions for theft by check that are over 10

Blane was described as a mixed-race individual with multiple tattoos on his body and a member of the criminal gang Latin Kings.

7. Task Force Officer Jaeger was familiar with a subject matching that description from a prior investigation in April 2024. Task Force Officer Jaeger confirmed SPEAR was the subject CHS 1 was referring to by showing CHS 1 a Travis County Sheriff's Office jail booking photograph of SPEAR, which CHS 1 identified as depicting "Blane." SPEAR is documented in TxGang, a reliable Texas Department of Public Safety database of Gang members in the state of Texas, as a Latin King member.

8. In June 2024, a second CHS, referred to hereafter as CHS 2, contacted Task Force Officer Duck, and provided information that BLANE SPEAR, who lived at 1700 Burton Drive, Apartment 305, Austin, Texas was trafficking narcotics.[2] CHS 2 corroborated information provided by CHS 1, and stated SPEAR was selling large amount of methamphetamine, heroin, fentanyl and frequently carried a firearm.

9. From June to August of 2024, both CHS 1 and CHS 2 were utilized to make multiple controlled narcotics purchases from SPEAR. During the controlled narcotics purchases, both CHS 1 and CHS 2 were surveilled by multiple members of the SSTF before, during, and after each transaction. These transactions were not electronically recorded. Furthermore, the CHSes were searched prior to and immediately after each transaction, with no unexpected contraband

---

    years old. CHS 1 has a criminal history to include theft convictions, the most recent in 2021. CHS 1 has a conviction for Fail to ID in 2000.

1. CHS 2 has provided accurate and reliable information in previous investigations that has been corroborated through independent investigation. CHS 2 is a paid informant who is familiar with narcotics transactions from prior personal experience, including Possession of Controlled Substance. CHS 2 knows SPEAR as a major narcotics dealer in South Austin through word of mouth. CHS 2 has a criminal history including a felony conviction for delivery of a controlled substance. All convictions are over 10 years old.

found. Both informants purchased more than an ounce of rock-like crystalline substance from SPEAR, which yielded presumptive positive tests for methamphetamine.

10. On August 24, 2024, investigators obtained a state search warrant for SPEAR's residence, 1700 Burton Drive, Apartment 305, Austin, Travis County, Texas, which is a location within the Western District of Texas, as well as SPEAR's person and effects.

11. On August 26, 2024, police executed this warrant. At approximately 3:28PM, SPEAR was positively identified by Task Force Officer Paige departing from Apartment 305. TFO Paige observed BLANE manipulating an object in the front of his pants. Based on TFO Paige's prior intelligence from the CHSes, prior surveillance of SPEAR during controlled purchases, and his training and experience, he believed SPEAR was manipulating a pistol or narcotics.

12. At approximately 3:29PM, APD Officer Fowler saw SPEAR cross the street and continue southbound on Burton Drive. Police attempted to detain SPEAR in a retail parking lot to search his person and effects pursuant to the warrant. SPEAR attempted to flee from officers on foot but was ultimately detained.

13. After SPEAR was detained, police conducted a search of SPEAR pursuant to the warrant and located in his waistband two small bags containing a white crystalline substance and a dark tar-like substance. These bags were in the same area where TFO Paige saw SPEARS manipulating an object as he left his apartment. The substances were later tested; the white crystalline substance showed a positive presumptive test for methamphetamine with a net weight 90.3 grams, and the dark tarry substance showed a positive presumptive test for heroin with a weight 52.1 grams.

14. Members of the Safe Streets Task Force then executed the residential search warrant at 1700 Burton Drive, Apartment 305, Austin, Texas. Nobody was located inside the apartment when

police entered. Members of the search team located multiple pieces of mail with SPEAR's name and address in the apartment. Officers found other identifying items inside the apartment, including TDCJ Parole paperwork with SPEAR's name on it. Photographs of SPEAR were located inside of the apartment. Various gang-related items, including a Latin Kings flag and yellow and black necklaces (yellow and black are colors associated with the Latin Kings) were located inside of the apartment. Officers who searched the apartment did not locate other items indicating that other people resided at the residence.

15. The following narcotics were located inside of the apartment:

    a. 1230.3 grams of methamphetamine – Located in the kitchen, living room and bedroom;

    b. 132.9 grams of suspected fentanyl – Located in the kitchen;

    c. 289.7 grams of cocaine – Located in the bedroom; and

    d. 92.5 grams of heroin – Located in the bedroom and living room.

16. All narcotics yielded a positive presumptive test except the fentanyl. Based on my training and experience, I am familiar with the appearance of fentanyl. The substance was gray in color, separated by packaging from other narcotics in the apartment, and was in a rock-like form consistent with fentanyl. This is the common structure and appearance of fentanyl before it is broken into smaller amounts for distribution. I also believe it is fentanyl due to the information provided by CHS 2 prior to execution of the search warrant. The fentanyl was not tested at the time of the search due to safety concerns. An instrument called a "pill press," which is used to mix precursors and narcotics into a pill form, was also located inside the apartment.

17. Eleven firearms were recovered in the apartment pursuant to the search warrant. All firearms were run through TCIC/NCIC, a reliable database where stolen items are listed. Three of the firearms were listed as stolen in Travis County and Llano County, as noted below.

    a. An altered Glock 20 10mm pistol (Serial # BXSA727), altered with a mechanism (commonly referred to as a "switch") that makes the weapon capable firing fully automatically. This firearm was equipped with a loaded (31 rounds-none in chamber) extended magazine. Approximately 3 feet away from this firearm, officers located over 200 grams of methamphetamine and over 25 grams of heroin. Based on my training and experience, the fully automatic nature of the firearm, and the proximity between this machinegun and a large quantity of narcotics, I believe SPEAR possessed the above Glock firearm in furtherance of his drug trafficking activities.

    b. The following firearms were located inside the bedroom of the apartment:

        a. Glock 19 (9mm) serial #BWRZ018.

        b. Smith and Wesson MP15 serial #TJ79117

        c. Taurus (45 caliber) serial #DT241357 (Reported stolen)

        d. Walther CCP (9mm) serial #WK032486

        e. Sig Sauer (45 caliber) serial #57C020624 (Reported Stolen)

        f. Arex Delta X (9mm) serial #G20263

        g. CD Defense (9mm) serial #R0N2172002

        h. Freedom Ordnance (9mm) serial #005371

        i. Smith and Wesson M&P (9mm) serial #HMW7176 (Reported Stolen)

        j. Sterling handgun (22 caliber) serial #E10354

    c. Additionally, large amounts of methamphetamine and powder cocaine were located inside of the same bedroom in a safe.

    d. Various firearm components were located inside of the residence, including magazines with the capacity to carry large volumes of ammunition (commonly referred to as "drum" magazines) and ammunition.

18. Task Force Officer Paige has spoken with a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, who informed Paige that in his expert opinion, the above-mentioned Glock firearms traveled in and affected interstate commerce. Additional investigation is warranted to determine the origin of the other firearms.

19. SPEAR has been convicted of multiple felony offenses, the earliest in 2010. The most recent convictions were in 2020 for Engaging in Organized Criminal Activity and Escape While Arrested/Confined, both third-degree Texas state felonies. For these convictions, SPEAR was sentenced to serve 6 years of imprisonment in the Texas Department of Criminal Justice. Because Spear was in fact sentenced to more than a year of imprisonment, and because Spear was on parole for those offenses at the time he committed these new offenses, there is probable cause to believe that he knew he had been convicted of a crime punishable by a term exceeding one year.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that BLANE SPEAR has committed the offenses set forth in the attached Criminal Complaint.

21. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
TFO Christopher Renzi
Federal Bureau of Investigation

Sworn to and subscribed to before me via telephone per Federal Rule of Criminal Procedure 4.1 on this, on this \_\_\_29th\_\_\_ day of August 2024, in Austin, Texas.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE